

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2004

# In Re: Fidelity Bond

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: Fidelity Bond " (2004). *2004 Decisions.* Paper 192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3986

IN RE: FIDELITY BOND & MORTGAGE COMPANY,

Debtor

ARTHUR L. POWELLL, TRUSTEE UNDER INDENTURE
OF TRUST OF LEA R. POWELL DATED JULY 19, 1993;
HAROLD G. SCHAEFFER, TRUSTEE UNDER INDETURE OF
TRUSTEE OF ADELE K. SCHAEFFER DATED JULY 19, 1993;
RICHARD POWELL; JON R. POWELL; CAROL HELLER; NANCY E.
POWELL; JAMES R. SCHAEFFER; ANTHONY L. SCHAEFFER; ROBERT D.
SCHAEFFER; JAMES M. DOUGHERTY; STEVEN D. BRAND; FBMC
AQUISITION CO, A Pennsylvania Corporation; FIDELITY
BOND & MORTGAGE, FIDELITY BOND & MORTGAGE COMPANY,

Appellants

v.

FIRST REPUBLIC BANK, A Pennsylvania Banking Corporation;
YERE A. YOUNG; GEORGE A. RAPP; HARRY MADONNA

v.

DONALD SALMON,

Third Party Defendant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 02-MC-00064)
District Judge: Hon. Marvin Katz

Argued: September 23, 2004

Before: McKEE, *Circuit Judge*,
ALDISERT and GREENBERG, *Senior Circuit Judges*.

(Opinion filed: October 27, 2004)

David L. Braverman, Esq.(Argued)
Steve, L. Bloch, Esq.
Michelle S. Walker, Esq.
BRAVERMAN DANIELS KASKEY LTD.
1650 Market Street, 21st Floor
Philadelphia, PA 19103
*Attorneys for Appellants*

Tina L. Colman, Esq. (Argued)
Paul R. Rosen, Esq.
Suzanne Ilene Schiller, Esq.
SPECTOR GADON & ROSEN, P.C.
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103
*Attorneys for Appellees*

OPINION

McKEE, Circuit Judge.

Appellants, the "Fidelity Shareholders," appeal from the district court's summary judgment ruling, which (1) dismissed the Fidelity Shareholders' claims for breach of fiduciary duty, tortious interference with prospective economic advantage, and negligence, and (2) entered judgment against the Fidelity Shareholders in the amount of $195,000.00, plus prejudgment interest, on First Republic Bank's breach of contract counterclaim. For the reasons set forth below, we will affirm.

2

Inasmuch as we are writing only for the parties who are familiar with the background of this case, we need not repeat the factual or procedural history except to the extent that it may be helpful to our brief discussion.

We reject appellants' first contention – that the district court erred in granting First Republic Bank's motion for summary judgment on the Fidelity Shareholders' breach of fiduciary duty, tortious interference with prospective economic advantage and negligence claims – substantially for the reasons set forth in the district court's July 29, 2003 Memorandum Opinion.

Appellants' second contention – that the district court erred in entering summary judgment against the Fidelity Shareholders on First Republic's counterclaim requires a brief discussion.

Under ¶ 4 of the Memorandum of Understanding ("MOU") between the Fidelity Shareholders and First Republic Bank, the Shareholders were to pay the Bank "the sum of $195,000 which sum represents the reconciliation of the purchase price pursuant to the terms of the Purchase Agreement and the LOI." The Shareholders never paid this amount to First Republic Bank and now maintain that the district court committed reversible error in granting summary judgment to the Bank for breach of contract. The Shareholders claim that the district court's judgment was based on an erroneous "factual finding that the Memorandum of Understanding ["MOU"] and its addendum were fully and finally executed." According to the Shareholders, "the Republic Defendants have never

3

produced, and indeed, the evidentiary record is devoid of, a final Addendum to the MOU executed by First Republic."

However, at oral argument, we requested from appellees a Rule 28(j) letter advising us of the location of the executed MOU in the record. Appellees' Rule 28(j) letter directed us to Volume II of the Joint Appendix at 506-519. Pages 506-513 of the Joint Appendix contain a faxed copy of the MOU followed by five pages of signatures. Those signatures include the signatures of Jere A. Young, Steven Brand, James Schaeffer, Richard S. Powell, Donald Salmon, Ronald H. White, Michael Wheeler and Edward Fallon. App 514-19. All of the necessary signatures appear to be present, and, in fact, during argument, appellants conceded that the MOU had been signed.

Although appellees have failed to direct us to a similarly signed Addendum to the MOU, we do not find this failure to be of any consequence. Paragraph 13 of the MOU states that the MOU "constitutes the entire agreement of the parties with respect to the matters set forth herein, and may not be further modified, altered, or changed in any amount except in writing executed by all parties hereto." Moreover, ¶ 10 of the Addendum states: "This Agreement is intended to supplement and modify the Memorandum. Except as expressly set forth herein, the terms of provisions of the Memorandum shall remain in full force and effect." The Addendum does not appear to have been properly executed and nothing in the Addendum expressly addresses the provisions of ¶ 4 of the MOU. Thus, pursuant to ¶ 13 of the MOU and ¶ 10 of the

4

Addendum, we conclude that the Addendum did not alter the Fidelity Shareholders' obligation under the MOU. Accordingly, the district court did not err in granting appellees' motion for summary judgment on their counterclaim for breach of contract.

For the reasons set forth above, we will affirm the judgment of the district court.

_____